## WILLS SAINTE CLAIRE v. LAFFREY.

1. SALES—CONDITIONAL SALES CONTRACTS—HUSBAND AND WIFE.
   Where default was made in payment of note given by wife for automobile sold to her on conditional sales contract providing that title should not pass until note was paid in full, and in case of default seller might repossess it, seller had right to repossess car, although husband, to whom contract of sale was erroneously made, was in possession.

2. EVIDENCE—INVOICE MARKED "PAID" COULD BE CONTROVERTED BY SHOWING NONPAYMENT OF NOTE.
   Where invoice received by purchaser of automobile on conditional sales contract was stamped "Paid," seller could show that note given in payment was not paid, since such invoice was no more than receipt, which may always be controverted.

As to right and liability of vendor and purchaser by conditional sale, on default of payment, see annotation in 32 L. R. A. 459; 38 L. R. A. (N. S.) 898.

3. SALES—EVIDENCE—WAIVER OF DEMAND.

In replevin by seller of automobile on conditional sales contract against husband of purchaser, there was no error in excluding testimony tending to prove waiver of plaintiff's demand upon him for possession before bringing suit, where he makes no claim of being innocent purchaser for value, since his rights were no other or greater than wife's.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 20, 1929. (Docket No. 106, Calendar No. 34,323.) Decided September 4, 1929.

Replevin by Wills Sainte Claire, Inc., a Massachusetts corporation, against Maxwell C. Laffrey, for possession of an automobile. From judgment for plaintiff, defendant brings error. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn,* of counsel), for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

NORTH, C. J. Defendant's wife purchased from plaintiff an automobile under the terms of a title-retaining contract; $1,045 of the purchase price was not paid, and vendee gave her note for that amount. The note was not paid at maturity. The car was found to be in defendant's possession. After demand upon him, this suit in replevin was instituted. Plaintiff had judgment for possession and six cents damages. Defendant reviews by writ of error.

The conditional sales contract contains this provision:

"The delivery of the said negotiable instrument by the purchaser to the seller, or the negotiation or discounting of the same by the seller shall not be

deemed a payment of the purchase price until the said negotiable instrument is paid in full; and it is agreed that title to the said property shall not pass to the purchaser until the said negotiable instrument and any interest due are fully paid in cash, with or without legal process, this to include any judgment secured.   *   *   *

"In case purchaser shall fail to keep and perform any or all agreements herein contained on his part to be performed seller may take immediate possession of said property, provided seller is the holder of said negotiable instrument at the time of retaking possession.   All the rights of the purchaser hereunder in said property shall cease and terminate thereupon absolutely.   *   *   *"

An attempt is made by the defendant to claim that neither he nor his wife are bound by this contract because of the fact that he is named as the vendee in the body of the instrument, but it is signed by his wife as the "purchaser." This evidently resulted from the fact that Mr. Laffrey signed and delivered to the plaintiff a written order for this car and the contract was drawn accordingly for sale to him; but when delivery was made it was decided the wife would take title to the car. She thereupon signed the contract and gave back her note. Through carelessness the name of the vendee in the body of this contract was not changed. None the less these facts conclusively appear in this record: (1) This automobile was sold to defendant's wife—the jury so found; (2) it was sold under the terms of the contract offered in evidence; (3) the vendee defaulted in paying her note for $1,045 and thereby breached the purchase contract; and (4) under the terms of this contract, because of vendee's default, plaintiff had a right to repossess the car. Defendant having received from the plaintiff an invoice for this car

stamped "Paid" does not alter the fact recited above that the note for $1,045 of the purchase price was not paid. The nonpayment is admitted by the defendant. The invoice stamped "Paid" was no more than a receipt; and a receipt may always be controverted.

The defendant had no greater or other rights in this automobile than his wife. He makes no claim of being an innocent purchaser for value, and in fact he testified:

"I never had title to the car in my name, I didn't want it. * * * Title to this car always stood in my wife's name because it was her car."

Under such circumstances appellant's claim that there was error committed by the exclusion of testimony which he asserts would have tended to prove a waiver of the plaintiff's demand upon him for possession before bringing suit, is without merit. We have considered the other questions presented in appellant's brief but find no reversible error in this record. The judgment entered is affirmed, with costs to the appellee.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.